[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12246

_____

D. C. Docket No. 05-00316-CR-02-BBM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2010
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIRGINIA ROSE NOVRIT,
CLARENCE LORENZO DAVIS,
a.k.a. C. Dave Davis,
JOSEPH STERLING JETTON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 28, 2010)

Before TJOFLAT, ANDERSON, and ALARCON,* Circuit Judges.

_____
*Honorable Arthur L. Alarcon, United States District Judge for the Ninth Circuit, sitting by
designation.

PER CURIAM:

Defendants Joseph Jetton, Clarence Davis, and Virginia Novrit appeal from a criminal conviction in the Northern District of Georgia for multiple counts relating to a mortgage fraud conspiracy that involved more than twenty individuals. The three defendants were convicted by a jury of mortgage fraud conspiracy, multiple counts of bank fraud, multiple counts of wire fraud, multiple counts of money laundering, and money laundering conspiracy.

On appeal, Jetton argues that the district court erred when it excluded evidence at trial of a letter that would have aided him in establishing an advice of counsel defense. Jetton also claims that his Motion for a New Trial was evaluated according to the wrong standard; that it was timely and should have been evaluated under Rule 33(b)(2)'s "interest of justice" standard rather than the more demanding Rule 33(b)(1) standard for newly discovered evidence. Finally, Jetton argues that the court below made an error during the sentencing phase of the proceedings when it ignored its own finding of fact in determining that the conspiracy injured ten or more victims.

Davis's appeal argues that the prosecution did not produce sufficient evidence to convict him and that the district court erred in not granting his motion

for acquittal. He claims that the evidence presented established that Novrit gave out false information and acted as a straw buyer in furtherance of the conspiracy but did not tie him to her actions in any specific way.

Davis and Novrit both challenge the district court's loss determination and the resulting sentencing enhancement due to the "amount of loss" being found to exceed $1,000,000. Defendants claim that the actual loss amount should have been $839,585 and that the court below should not have included the $261,000 "intended loss" from the 8415 Coghill Trace transaction. Both Davis and Novrit claimed at trial that they did not intend to cause any loss to the mortgage lender who would have financed this transaction, which was never completed because it was an F.B.I. "sting" operation that resulted in the arrest of Novrit.

DISCUSSION

A.    <u>Defendant Jetton's argument that the district court erred by excluding the letter from Valenti's attorney (Johnson) and by truncating defendant's testimony with respect thereto.</u>

Defendant Jetton argues that the district court erred by precluding defense evidence pertaining to the legal advice of Valenti's attorney, Johnson. Jetton argues that the district court erroneously prevented him from introducing the attorney's letter and erroneously limited his testimony with respect to the letter. Although the facts are somewhat complicated (in that there were two letters from

3

the attorney, and only the second letter – which neither the parties nor the court had in hand during the trial – is asserted by Jetton to have been material and favorable to him), we can assume arguendo that the district court erred, because it is clear that the letter upon which Jetton now relies was not favorable to him. Thus, any error was harmless beyond a reasonable doubt.

The attorney's letter upon which Jetton relies (i.e. the second letter from Valenti's attorney adduced by Jetton for the first time in his belated Motion for a New Trial based on newly discovered evidence) specified certain procedures as being appropriate for closing real estate transactions. As the district court pointed out, Jetton's conduct in handling the real estate transactions challenged in this case departed radically from the procedures recommended as appropriate in the attorney's letter. For example, the real estate transactions which were the subject of these criminal charges failed to show the list price of the property and thus failed to show that the sales prices to the buyers (upon which the lenders based their loans) greatly exceeded the original list of prices. In addition, the real estate transactions in which Jetton was involved failed to provide a "detailed description of the nature and purpose of each and every disbursement," as specified by the attorney. Compliance with the latter procedure would have revealed to the lenders that the real estate transactions involved payments back to the buyer, thus

obscuring the fact that the buyers were actually paying less for the property than the sales contract indicated. This was a factor deemed crucial by the lenders. We conclude that defendant Jetton conducted his real estate transactions in a manner so markedly different from the procedures specified in the attorney's letter that any error was harmless beyond a reasonable doubt.

For the same reasons, we reject Jetton's argument that the district court committed reversible error in cautioning counsel for Jetton about questions relating to the letter. Because the letter provided no support at all for the legality of the real estate transactions, Jetton could not have truthfully testified to the contrary.

B.      Defendant Jetton's argument that the district court erred in not considering his motion for new trial according to the "interests of justice" standard.

Jetton claims that the district court erred in considering his motion for a new trial on the basis of Federal Rule of Criminal Procedure 33's standard for newly discovered evidence rather than that rule's more lenient standard for motions on the basis of the "interests of justice." Jetton's newly discovered evidence was the second Valenti letter discussed above. Even if the Government waived any timeliness objection to the use of the "interest of justice" standard, and even if the district court erred in failing to use that standard, any such error is harmless beyond a reasonable doubt. For the reasons noted above, that letter was clearly harmful to

5

Jetton's case, and certainly could not possibly have provided the basis for a new trial regardless of the standard utilized. Thus, the district court's action in this regard, even if error, is not reversible error, and any remand would be futile.

C.   Jetton's argument that the district court erred in increasing his offense level because of 10 or more victims.

We also find no merit in Jetton's argument that the district court erred in increasing his offense level pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(2)(A)(i) because the scheme involved ten or more victims.  The district court did not err in counting the additional four victims as part of the relevant conduct.  There was ample support for the district court's finding that Jetton's participation with Valenti with respect to the four additional victims was similar modus operandi.

D.   Defendant Davis's challenge to the sufficiency of the evidence against him.

Next, Defendant Davis argues that the government presented insufficient evidence for a reasonable jury to convict him.  This claim is not borne out by the record. Every one of the counts involved loans to Novrit in which the false information included the fact that she was an employee of Davis's company, including falsified information with respect to her income therefrom.  In addition, Davis was actually present at the loan application for two of the transactions, and

present for at least six of the closings. With respect to some of the closings, there was evidence that he reviewed the documents for Novrit, his significant other. There was even evidence of Davis's intimate involvement, including the arrangement for the $124,000 down payment for one of the transactions and his letter detailing false information as to Novrit's pay and bonus. The jury's verdict was reasonable on the basis of the foregoing facts.

E.    Defendants Davis and Novrit's challenge to the district court's calculation of loss amount.

Defendants Davis and Novrit argue that the district court erred in enhancing their sentences on account of intended loss. The district court estimated the intended loss by finding that the conspirators intended to gain over $200,000 from the challenged transaction. Defendants concede that intended gain can be an alternative measure of intended loss, but they argue that the alternative is available only if the district court makes finding as to estimated intended loss and then considers whether the intended gain is a reasonable estimate of the intended loss. We need not decide whether such a step is required, because the intended loss in the instant case obviously exceeded the district court's finding that the conspirators intended a gain of over $200,000.

AFFIRMED.